# REPORTS OF CASES ADJUDGED

# SUPREME COURT OF PORTO RICO

SAN JUAN HIPPODROME COMPANY, PLAINTIFF AND RESPONDENT, *v.* INSULAR RACING COMMISSION, DEFENDANT AND APPELLANT.

## APPEAL from the District Court of San Juan, Section 1, in Injunction Proceedings.

#### No. 1050.—Decided June 15, 1914.

ABSTRACT QUESTION—CONTROVERSY—COMPLAINT.—When an action is brought only to obtain a judicial decision on an abstract question of law and an actual controversy between the parties is not alleged in the complaint, it should be dismissed.

ID.—REGULATION OF INSULAR RACING COMMISSION—ACTION FOR NULLITY—CONTROVERSY.—When, as in this case, the object of the action is to annul a regulation of the Insular Racing Commission authorizing said commission to appoint the officers of the hippodromes of the Island and the only allegation of the complaint relative to a controversy between the parties is that said commission appointed the officers, there being no showing that the officers accepted the appointments and were disposed to take possession of the offices, or that the plaintiff was in any way bound thereby, or that there existed any real controversy between the parties, it must be concluded that the question raised is an abstract one.

The facts are stated in the opinion.

The respondent did not appear.

*Mr. Charles E. Foote, fiscal,* for the appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of San Juan, Section 1, making perpetual a certain temporary writ of injunction issued against the Insular Racing Commission.

1

Summarized, the complaint filed on October 4, 1913, alleges the following:

1. That the plaintiff is a corporation organized under the laws of Porto Rico; that it transacts its business in this Island, and that it is registered in the office of the Secretary of Porto Rico.

2. That the defendant, the Insular Racing Commission, is an organization created by an act of the Legislative Assembly of Porto Rico, approved March 13, 1913.

3. That the plaintiff corporation, which for some time has owned a race track at Santurce, San Juan, which it manages and governs according to its by-laws, has some horse-races set for October 5, 1913.

4. That on October 3, 1913, the defendant addressed to the plaintiff a letter which is exhibited with the complaint, the pertinent part of which reads as follows:

"I have the honor to inform you that the Insular Racing Commission, by virtue of the power conferred upon it by section 16 of the Regulations, Rules and Conditions adopted pursuant to an act of the Legislative Assembly of March 13 of the present year, has made the following appointments of race track officers to take effect immediately: Judges, José Coll y Cuchí, Ramón Falcón, W. F. Percy; secretary, José Blanco; entry judge, Adalberto Díaz Moll; starter, Emilio Egozcue; track inspectors, Eugenio Jiménez Clas, Antonio Pérez; inspector of book-making, Celestino Vélez; weight inspector, Guillermo Escudero; veterinary, Dr. Jack Dunn.

"I beg that you will adopt the necessary measures so that the above-named gentlemen may take charge of their respective positions for the races to take place on Sunday next, the 5th instant. The remuneration of these race track officers for their services will be the same as that fixed by your Board of Directors up to the present time."

5. That the plaintiff was incorporated and did business in Porto Rico before the Legislative Assembly passed the "Act to amend 'An Act to create an Insular Fair Board for the purpose of holding an annual exhibition of agricultural

and general productive industries of the Island, and for other purposes,' approved March 10, 1910.''

6. That the plaintiff corporation has its board of directors and its officers and employees who are appointed pursuant to its articles of incorporation and the statutes governing it.

7. That on August 15, 1913, the defendant adopted regulations to take effect October 1, 1913, a copy of which accompanies the complaint.

8. That section 16 of the said regulations provides:

"Section 16.—(a) The race track officers referred to in the preceding section shall be appointed and removed without restraint by the Insular Racing Commission; (b) the Insular Racing Commission shall notify officially the board of directors of each hippodrome in writing of the appointment and dismissal of the race track officers thereof; (c) the race track officers of each hippodrome shall receive for their services the remuneration to be fixed by the Insular Racing Commission from time to time, which remuneration shall be paid by the person entrusted with the management of the funds of the corporation holding races and for its account."

9. That the act by virtue of which the Insular Racing Commission was created neither expressly nor impliedly confers upon it the powers that it assumed in adopting said section 16 of the regulations.

10. That the plaintiff is informed that the defendant intends to stop the races set by the plaintiff for October 5, 1913, by means of the police.

11. That it would be very difficult to estimate the amount of the damages, etc., and that the plaintiff has no other remedy, etc.

12. That in any event the losses and damages would be more than $500.

The complaint concludes with the prayer that a temporary injunction issue against the president of the defendant commission commanding that he refrain, personally or through any other person, from enforcing or attempting to enforce section 16 of its regulations and, consequently, that he like-

wise, refrain from preventing or attempting to prevent the plaintiff from holding the races which have been arranged to take place on October 5, 1913; and, finally, that a perpetual injunction issue against the defendant restraining it from executing the acts sought to be prevented by means of the complaint.

On October 5, 1913, the district court set the 11th day of the same month for the appearance of the defendant and entered a restraining order against it after a bond for $300 had been filed.

On October 11 the defendant appeared and alleged:

"That section 6 of an Act entitled 'An Act to amend an act entitled "An Act to create an Insular Fair Board for the purposes of holding an annual exhibition of agricultural and general industries of the Island, and for other purposes," approved March 10, 1910,' which was approved March 13, 1913, confers upon the Insular Racing Commission the power to prescribe the rules, regulations and conditions under which running races shall be conducted in this Island, and that section 16 of the Regulations, Rules and Conditions adopted by the Insular Racing Commission is authorized by the said act."

The defendant moved for the dismissal of the complaint and the case was submitted to the consideration of the district court without the introduction of any evidence, and on October 14, 1913, the court rendered the judgment which we have referred to and from which the present appeal was taken.

After a perusal of the complaint the first question which presents itself is whether a proper case has been established for decision by a court of justice.

In the complaint filed on October 4, 1913, the particular fact alleged as ground for seeking the aid of the court was that of the holding of the races set for October 5, 1913, following. October 5 went by. The races presumably took place and at present there is nothing pending in this proceeding regarding the same which requires the action of the court.

It will be said, perhaps, that the fact of the races set for

October 5 was set up as a mere incident and that the real
fundamental question involved in the appeal is whether the
Insular Racing Commission is or is not empowered to appoint
the official employees of the hippodromes of Porto Rico. If
this is so, we must reach the conclusion that the matter sub-
mitted to the decision of the court is not a real controversy
but merely an abstract question which the court is not obliged
to consider, much less to decide.

The fact that the Insular Racing Commission addressed
the letter which we have transcribed in our summary of the
complaint to the hippodrome of San Juan is not of itself
sufficient to warrant the action of the plaintiff in seeking
the aid of the court. Nothing is stated in the complaint as
to whether the officers appointed had accepted the appoint-
ments and were disposed to take charge of the positions, nor
anything with regard to the negotiations which the plain-
tiff may have had with the defendant. The complaint no-
where sets up a real and actual controversy which requires
the intervention of the court. The plaintiff was placed under
no obligation and everything shows that the action brought
by it was premature at least, therefore it cannot serve as the
basis for a judicial decision.

In the year 1907 The Property Owners' League of San
Juan brought an action against the municipality of San Juan
praying the court to decree the nullity of some of the pro-
visions of a certain ordinance passed by the municipality in
the year 1906.

The object of the ordinance in question was to regulate
the service of the removal of garbage and refuse and the
manner in which the same should be delivered by the resi-
dents of the city, upon whom certain obligations were imposed.
The complaint properly alleged the facts necessary, in the
opinion of the plaintiff, to show that the residents were not
obliged to comply with the conditions imposed upon them
by the municipality on the ground that it did not have au-
thority to enact the ordinance. The case was decided by the

district court on the pleadings, the trial judge going into the merits of the question and holding that the facts alleged in the complaint did not establish the nullity of the provisions of the ordinance complained of by the plaintiff.

An appeal was taken to this court, which affirmed the judgment appealed from (14 P. R. R., 85) on the ground that the district court had no jurisdiction of the question raised, inasmuch as a suit cannot be maintained with the direct purpose of setting aside a statute without showing a *bona fide* case pending between the parties independent of said abstract question.

The opinion of the court by Mr. Justice MacLeary treated the matter under consideration fully, cited and applied many decisions of the American courts and laid down the following doctrine.

"The courts are open to every one for 'an injury done him in his lands, goods, person or reputation.' Courts need not and cannot determine fictitious controversies. Consent of the parties to a suit cannot give a court jurisdiction over the subject matter when it is not authorized by law. It is the legislature alone which fixes by statute the jurisdiction of the courts."

Considering this particular case of the San Juan Hippodrome against the Insular Racing Commission in the light of the foregoing doctrine, we are of the opinion that the only decision which can be rendered therein is to hold that as the complaint shows that the chief and only object of the same was to obtain a decision as to the validity or illegality of a regulation adopted by a commission created by the Legislative Assembly of Porto Rico, there being no actual controversy between the parties, only an abstract question has been presented to the court which the court should not and cannot decide; therefore the judgment appealed from should be reversed and another rendered dismissing the complaint in all its parts, without special imposition of costs.

*Judgment reversed and complaint dismissed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.